1
2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 04, 2022

SEAN F. McAVOY, CLERK

3
4
5
6               UNITED STATES DISTRICT COURT
7             EASTERN DISTRICT OF WASHINGTON
8

9    PAUL L.,                              No. 1:20-cv-03198-SMJ

10              Plaintiff,

11
12        v.                               **ORDER GRANTING DEFENDANT'S
                                           MOTION FOR SUMMARY
13   KILOLO KIJAKAZI,                      JUDGMENT**
     ACTING COMMISSIONER OF
14   SOCIAL SECURITY,[1]

15
16             Defendant.

17
18
19        Before the Court are the parties' cross-motions for summary judgment. ECF

20   No. 18, 23. Attorney D. James Tree represents Paul L. (Plaintiff); Special Assistant

21
22   United States Attorney Heidi Triesch represents the Commissioner of Social

23   Security (Defendant). After reviewing the administrative record and the briefs filed

24
25

26   [1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9,
27   2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo
     Kijakazi is substituted for Andrew M. Saul as the defendant in this suit. No further
28   action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– 1

by the parties, the Court grants Defendant's Motion for Summary Judgment and denies Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on September 22, 2017, alleging disability beginning September 1, 2017, due to back injuries/pain, Barrett's syndrome, bone spurs in both feet, hernia, right shoulder pain, torn meniscus in the left knee, high blood pressure, and obesity. Tr. 71-72. The application was denied initially and upon reconsideration. Tr. 98-106, 110-16. An Administrative Law Judge (ALJ) held a hearing on December 10, 2019, Tr. 31-69, and issued an unfavorable decision on January 15, 2020. Tr. 15-25. Plaintiff requested review by the Appeals Council and the Appeals Council denied the request on September 14, 2020. Tr. 1-5. The ALJ's January 2020 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on November 13, 2020. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1965 and was 52 years old when he filed his application. Tr. 71. He completed high school and worked as a construction day laborer for many years. Tr. 194. Plaintiff also has worked buying and reselling farm equipment. Tr. 44-46, 194. At the time of the hearing, he and his wife owned and managed a farm.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 2

Tr. 47. He testified that his wife did the majority of the work around the farm, and that his back and other physical impairment prevented him from doing any strenuous labor. Tr. 35-57.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 3

(9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the claimant bears the burden of establishing a prima facie case of disability. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 4

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ADMINISTRATIVE DECISION**

On January 15, 2020, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-25.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairments: lumbar and thoracic degenerative disc disease, obstructive sleep apnea, left shoulder degenerative joint disease, bilateral feet bone spurs, left heel achilles tendon condition, torn bicep of the left arm, left knee degenerative joint disease, left elbow tear of bicep tendon insertion site, and obesity. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found he could perform light work, with the following additional limitations:

> The claimant will be provided a sit/stand option in the workplace. The claimant is capable of engaging in unskilled, repetitive routine tasks in two-hour increments. He can occasionally overhead reach with the left upper extremity. He can frequently handle and finger. The claimant can occasionally stoop and crouch but can never crawl, kneel, climb stairs and ramps, and climb ladders, ropes, or scaffolds. The claimant should not engage in balancing, working at heights, working in proximity to hazardous conditions, or ambulating across uneven surfaces.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– 5

*Id.*

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a construction worker, buyer, and maintenance mechanic. Tr. 23-24.

At step five, the ALJ determined that, based on the testimony of the vocational expert, and considering Plaintiff's age, education, work experience, and RFC, Plaintiff could perform jobs that existed in significant numbers in the national economy, including the jobs of production assembler, cashier, and outside deliverer. Tr. 24-25.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the application date through the date of the decision. Tr. 25.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) not properly assessing the grid rules, (2) not properly assessing the listings, (3) not properly assessing Plaintiff's testimony, (4) not properly assessing PA-C Richmond's reports, and (5) not assessing Plaintiff's right shoulder disorder.

//

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 6

**DISCUSSION**

**1.    Step Two**

Plaintiff argues that at step two, the ALJ erred in failing to find his right shoulder disorder to be a severe impairment. ECF No. 18 at 20-21.

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has any medically determinable severe impairments. 20 C.F.R. § 416.920(a)(ii). An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities." 20 C.F.R. § 416.922(a). Basic work activities are "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 416.922(b). "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted). The claimant bears the burden of demonstrating that an impairment is medically determinable and severe. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

The ALJ identified a number of severe impairments at step two, including issues with Plaintiff's left shoulder, then found that all other impairments in the record were non-severe because they caused no more than minimal vocationally relevant limits, did not last for a sufficient duration, or Plaintiff responded to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 7

treatment Tr. 18. The ALJ did not specifically identify any right shoulder conditions in this general discussion. *Id.*

Plaintiff argues the ALJ erred in failing to discuss his right shoulder problems and argues that imaging and the opinions of the consultative examiner and state agency reviewing doctors establish Plaintiff's right shoulder condition as a severe impairment. ECF No. 18 at 20-21. Defendant argues that even though the ALJ did not specifically discuss Plaintiff's right shoulder in the step two discussion, he adequately addressed the evidence later in the decision, noting that the imaging of Plaintiff's shoulder was mild and he demonstrated intact strength and ability to manipulate objects. ECF No. 23 at 2-5. Defendant further argues the ALJ adequately discussed why greater limitations on Plaintiff's use of his right arm were not warranted, and argues that Plaintiff did not challenge the ALJ's consideration of the consultative examiner or the state agency doctors' opinions. *Id.*

The Court finds the ALJ did not err. Despite failing to discuss Plaintiff's right should condition at step two, the ALJ later noted the mild imaging results of Plaintiff's right shoulder, and addressed the right upper extremity limitations assessed by the consultative examiner and the state agency doctors. Tr. 21-23. The ALJ's interpretation of the record as demonstrating no more than mild limitations is reasonable. The Court also notes that the record contains only two notes of Plaintiff reporting right shoulder pain and does not show any ongoing treatment or

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 8

consultations for this condition. Tr. 306-07, 368-69. The Court finds the ALJ's discussion is sufficient.

**2.    Step Three**

At step three of the sequential evaluation process, the ALJ considers whether one or more of the claimant's impairments meets or equals an impairment listed in Appendix 1 to Subpart P of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). Each Listing sets forth the "symptoms, signs, and laboratory findings" which must be established for a claimant's impairment to meet the Listing. *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). If a claimant meets or equals a Listing, the claimant is considered disabled without further inquiry. 20 C.F.R. § 416.920(d).

The ALJ found Plaintiff's conditions did not meet or equal any listed impairment, and did not offer any detailed analysis of any specific Listing. Tr. 19. Plaintiff argues the ALJ erred at step three when he failed to find Plaintiff's conditions met or equaled Listing 1.02A[2] or 3.02C(3). ECF No. 18 at 5-7.

**a.    Listing 1.02A – Major Dysfunction of a Joint**

Listing 1.02A requires a showing of:

> gross anatomical deformity (e.g., subluxation, contracture, bony or fibrous ankylosis, instability) and chronic joint pain and stiffness with signs of limitation of motion or other abnormal motion of the affected joint(s), and findings on appropriate

_____

[2] The musculoskeletal listings have been significantly revised since the ALJ issued his decision. All discussion of Listing 1.02 refers to the former version of the Listings, available at Program Operations Manual System (POMS) DI 34121.013

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 9

medically acceptable imaging of joint space narrowing, bony destruction, or ankylosis of the affected joint(s). With:

A. Involvement of one major peripheral weight-bearing joint (i.e., hip, knee, or ankle), resulting in inability to ambulate effectively, as defined in 1.00 B2b;

20 C.F.R. Part 404, Subpart P, Appendix 1, §1.02. An inability to ambulate effectively is defined as:

an extreme limitation of the ability to walk; i.e., an impairment(s) that interferes very seriously with the individual's ability to independently initiate, sustain, or complete activities. Ineffective ambulation is defined generally as having insufficient lower extremity functioning (see 1.00J) to permit independent ambulation without the use of a hand-held assistive device(s) that limits the functioning of both upper extremities.

To ambulate effectively, individuals must be capable of sustaining a reasonable walking pace over a sufficient distance to be able to carry out activities of daily living. They must have the ability to travel without companion assistance to and from a place of employment or school. Therefore, examples of ineffective ambulation include, but are not limited to, the inability to walk without the use of a walker, two crutches or two canes, the inability to walk a block at a reasonable pace on rough or uneven surfaces, the inability to use standard public transportation, the inability to carry out routine ambulatory activities, such as shopping and banking, and the inability to climb a few steps at a reasonable pace with the use of a single hand rail. The ability to walk independently about one's home without the use of assistive devices does not, in and of itself, constitute effective ambulation.

*Id.* at 1.00B2b.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiff argues the objective evidence regarding his severe foot, ankle, and knee impairments, along with evidence of antalgic gait, limited and painful range of motion, and poor flexibility all show a listing-level impairment. ECF No. 18 at 6. He further asserts that the ALJ's RFC finding of no walking over rough or uneven surfaces indicates an inability to ambulate effectively, consistent with the listing. *Id.* Defendant argues that the record does not establish all of the criteria, and that there is no evidence Plaintiff used an assistive device or had extreme limitations in his ability to walk. ECF No. 23 at 7. Defendant further asserts that the limitation on walking on uneven surfaces in the RFC does not establish Plaintiff was unable to ambulate effectively. *Id.* Finally, Defendant asserts the ALJ was not required to discuss possible listing equivalence unless the claimant presented medical evidence to establish limitations equivalent to the listing, which Plaintiff did not do. *Id.* at 7-8.

The Court finds the ALJ did not err. "A boilerplate finding is insufficient to support a conclusion that a claimant's impairment" does not meet or equal a listed impairment. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). However, the ALJ is not required to state why a claimant fails to satisfy every criteria of the listing if they adequately summarize and evaluate the evidence. *See Gonzalez v. Sullivan*, 914 F.2d 1197, 1200-01 (9th Cir.1990); *Lewis*, 236 F.3d at 512. The ALJ sufficiently discussed the available evidence, including evidence regarding Plaintiff's activities

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 11

and the minimal objective evidence. Tr. 20-23. There is no evidence in the record that Plaintiff uses an assistive device that limits the function of both hands and no medical source has assessed limitations consistent with the listing. The ALJ's RFC finding is not consistent with an inability to ambulate effectively. For these reasons, Plaintiff has not presented evidence consistent with listing-level severity.

### b.   Listing 3.02C – Chronic Respiratory Disorder

Listing 3.02C(3), concerning chronic respiratory disorders, refers to chronic impairment of gas exchange demonstrated by oxygen saturation levels less than or equal to a value based on the altitude at the test site, measured by pulse oximetry either at rest or during or after a 6-minute walk test. 20 C.F.R. Part 404, Subpart P, Appendix 1, §3.02C(3). The introduction to the listing explains the various requirements for the pulse oximetry testing, including that the claimant must be medically stable at the time of the test; the measurements must be recorded on room air without oxygen supplementation; the pulse oximetry measurement must be stable over a 15-second interval; and the report must include the claimant's name, date of test, the altitude or location of the test, and a graphical printout of the $SpO_2$ value and pulse wave. 20 C.F.R. Part 404, Subpart P, Appendix 1, §3.00H.

Plaintiff argues that the results of a sleep study performed in Yakima, Washington in August 2018 show listing-level oxygen saturation levels based on the altitude. ECF No. 18 at 6-7. Defendant argues sleep-related breathing disorders are

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 12

not evaluated under Listing 3.00, and instead are evaluated under other listings based on the long-term effects the disorder may have on other body systems. ECF No. 23 at 8. Defendant further asserts that the record does not show the requisite level of impairment to meet Listing 3.02C. *Id.* at 8-9.

The Court finds the ALJ did not err. Listing 3.00 specifically notes that sleep-related breathing disorders, such as sleep apnea, are evaluated based on the complications that result from prolonged transient episodes of interrupted breathing during sleep, such as hypertension, heart failure, or disturbance in mood and cognition. 20 C.F.R. Part 404, Subpart P, Appendix 1, §3.00P. Plaintiff has not made any argument regarding ongoing complications from sleep apnea that impact other body systems.

Furthermore, even if sleep apnea were a qualifying condition under Listing 3.02C, the record from the sleep study does not contain the requisite findings regarding the pulse oximetry testing with respect to the stability of the measurements over 15-second intervals or the required graphical display of $SpO_2$ and pulse wave. Tr. 436-42. The record does not contain evidence of a listing-level breathing disorder. Therefore, the ALJ did not err in failing to discuss the listing in detail.

**3.    Plaintiff's Symptom Statements**

Plaintiff alleges the ALJ erred in rejecting his symptom testimony without providing adequate reasons. ECF No. 18 at 7-15.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 13

It is the province of the ALJ to make determinations regarding a claimant's subjective reports. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting a claimant's testimony must be "specific, clear and convincing." *Smolen v. Chater,* 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, he found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 20. Specifically, the ALJ found Plaintiff's allegations to be undermined by the objective evidence, conservative and intermittent treatment, some improvement with treatment, Plaintiff's activities, and his refusal of medication and declining surgery. Tr. 20-22.

Plaintiff argues the ALJ's discussion is not an accurate reflection of the record because the ALJ took facts out of context, exaggerated the level of Plaintiff's activities, and failed to consider his reasonable explanation for not pursuing surgery. ECF No. 18 at 7-15. Defendant argues the ALJ reasonably considered the objective findings, Plaintiff's treatment, and his activities, arguing Plaintiff's alternative

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 14

interpretation of the record does not render the ALJ's interpretation unreasonable. ECF No. 23 at 9-13.

The Court finds the ALJ did not err. An ALJ may consider evidence of the type and effectiveness of treatments received in assessing the reliability of a claimant's symptom allegations. Social Security Ruling 16-3p. The ALJ noted Plaintiff's treatment was largely conservative, and that he declined prescription medications and surgery, which the ALJ found indicated his conditions were manageable. Tr. 22. Furthermore, the ALJ considered Plaintiff's activities, including his work on the family farm and fixing up farm equipment. A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict his other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). The Court finds the ALJ's interpretation of these activities as inconsistent with Plaintiff's testimony of debilitating limits was reasonable.

Although it cannot serve as the sole ground for rejecting a claimant's symptom statements, objective medical evidence is a "relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). The ALJ reasonably found the objective findings throughout the record did not support the claimed extent of Plaintiff's limitations, despite some findings of limitation based on the imaging. The Court finds the ALJ's determination is supported by substantial evidence.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 15

**4.      Medical Opinion Evidence**

Plaintiff argues the ALJ improperly disregarded the opinion from his treating provider, PA-C Daniel Richmond. ECF No. 18 at 15-20.

For claims filed on or after March 27, 2017, new regulations apply that change the framework for how an ALJ must weigh medical opinion evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 2017 WL 168819, 82 Fed. Reg. 5844 (Jan. 18, 2017); 20 C.F.R. § 416.920c. The new regulations provide the ALJ will no longer give any specific evidentiary weight to medical opinions or prior administrative medical findings, including those from treating medical sources. 20 C.F.R. § 416.920c(a). Instead, the ALJ will consider the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 416.920c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any specialization of the source, and other factors (such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program). *Id.* The regulations make clear that the supportability and consistency of an opinion are the most important factors, and the ALJ must articulate how they considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 416.920c(b). The ALJ may explain how they

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 16

considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. § 416.920c(c). Additionally, the Ninth Circuit has eld that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022).

On September 11, 2018, Plaintiff's treating provider, Daniel Richmond, completed a medical source statement, opining Plaintiff was severely limited and unable to meet the demands of even sedentary work, and would be likely to miss four or more days of work per month due to constant pain in his heels, left arm, right shoulder, and spine. Tr. 360-62.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 17

The ALJ found this opinion not persuasive, noting Mr. Richmond used a check box form and did not support the opinion with a detailed explanation, and further found the opinion was not consistent with Plaintiff's active lifestyle or the treatment records and findings of the consultative examiner. Tr. 23.

Plaintiff argues the opinion and accompanying records contain explanation and support for the assessed limitations and that the ALJ failed to identify any inconsistency between the opinion and the other records. ECF No. 18 at 15-20. Defendant argues the ALJ reasonably considered the factors of supportability and consistency, and found the opinion lacking in explanation, unsupported by the treatment notes, and inconsistent with other opinions in the file and the majority of the records. ECF No. 23 at 13-18.

The Court finds the ALJ did not err. With respect to supportability, the ALJ reasonably found the opinion lacking in explanation, as Mr. Richmond's primary explanation was to direct the reader to the treatment notes. Tr. 360-62. However, Mr. Richmond's treatment notes contain few abnormal findings on exams other than subjective tenderness. Tr. 278, 323, 324, 367-71, 379-84. The ALJ also considered the opinion's consistency with evidence from medical and other sources, which he had discussed in detail earlier in the decision. The Court finds the ALJ reasonably complied with the revised rules and sufficiently considered the most important factors of supportability and consistency.

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 18

**5.      Grid Rules**

Plaintiff asserts he should have been found disabled under the Medical Vocational Guidelines because he is not capable of performing a full range of light work, thus necessitating a finding of disability under the sedentary grid rules. ECF No. 18 at 4-5. Defendant argues that, because Plaintiff's RFC fell between two grid rules, the ALJ appropriately consulted a vocational expert, who identified jobs Plaintiff was capable of performing. ECF No. 18 at 18-19.

At step five of the sequential evaluation process, the ALJ must determine whether there are jobs that exist in significant numbers in the national economy that the claimant can perform. *Tackett v. Apfel*, 180 F.3d 1094, 1100-01 (9th Cir. 1999). The Medical Vocational Guidelines provide a streamlined mechanism for ALJs to make this determination, considering the claimant's age category, educational and work background, and exertional capability. 20 C.F.R. pt. 404, subpt P, app. 2. However, use of the Guidelines is only appropriate when a rule completely and accurately represents a claimant's limitations. *Tackett*, 180 F.3d at 1101. When a claimant's residual ability falls between two grid rules that direct different outcomes under the Guidelines, a vocational expert should be consulted to clarify the implications for the occupational base. Social Security Ruling 83-12.

The Court finds no error. The ALJ found Plaintiff was capable of a limited range of light work, with a sit/stand option and postural, environmental, and

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT– 19

manipulative limitations. Tr. 19. While this does not allow for the full range of light work, the RFC also does not indicate Plaintiff is capable of only sedentary level work. The ALJ reasonably consulted a vocational expert, who identified light jobs that exist in significant numbers that Plaintiff would be capable of performing. Tr. 65-66. The ALJ did not err in failing to apply the sedentary grid rules at step five.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error.

Accordingly, **IT IS HEREBY ORDERED:**

1.      Defendant's Motion for Summary Judgment, **ECF No. 23**, is **GRANTED**.

2.      Plaintiff's Motion for Summary Judgment, **ECF No. 18**, is **DENIED**.

3.      The Clerk's Office is directed to **ENTER JUDGMENT** for Defendant and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 4th day of August 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT– 20